IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN EMMANUEL RODRIGUEZ, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 18-12448 (JBS-KMW) |
| v. | |
| THE STATE OF FLORIDA, et al., | **MEMORANDUM OPINION** |
| Defendant(s) | |

**SIMANDLE, District Judge**:

In this new case, Plaintiff Jean Emmanuel Rodriguez purports to sue as defendants the State of Florida and 27 other states. Mr. Rodriguez asserts that the states are applying the "stand-your-ground" law unequally in a racially discriminatory way. He cites four examples in which an altercation occurred between persons of different races. In two instances, a white person shot an unarmed black person and was exonerated under a state's "stand-your-ground" law, while in the other two examples an African American individual was allegedly attacked by a Caucasian person and shot the Caucasian and was prosecuted, notwithstanding the "stand-your-ground" law. Mr. Rodriguez, who resides in Somers Point, New Jersey, does not claim that he was a witness or participant in any of these matters, but he seeks relief in the form of a civil judgment in the amount of

$23,000,000.00, according to his Civil Cover Sheet [Docket Item 1-1]. The Court makes the following findings:

1. Presently before the Court is Plaintiff's application for permission to proceed without prepayment of fees under 28 U.S.C. § 1915. Based on the information in Mr. Rodriguez's financial affidavit, his application to file this matter without prepayment of fees will be GRANTED. The Complaint will be filed with the Clerk of the Court.

2. Where a Complaint is filed in forma pauperis under 28 U.S.C. § 1915, the assigned Judge must review the Complaint to determine whether the case may proceed. Pursuant to 28 U.S.C. § 1915(e)(2), the Court, upon a preliminary screening, "shall dismiss the case at any time if the court determines that... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

3. Applying this standard, the Complaint must be dismissed for several fundamental reasons.

4. First, plaintiff Rodriguez seeks monetary relief against 28 states. This suit is barred by the Eleventh Amendment of the Constitution which provides that a State cannot be sued directly in its own name for money damages. Ex Parte Young, 209 U.S. 123, 150-60 (1908); see also Kentucky v. Graham,

473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought.")  Accordingly, this suit cannot proceed against these states in federal court for money damages or any other form of relief.

5. Second, the Plaintiff lacks standing to bring claims for relief where, as here, he has not shown that he has suffered a harm that is particular and specific to himself.  Instead, he makes conclusory allegations and generalized grievances with various States' laws or practices.  The Complaint fails to demonstrate that Mr. Rodriguez has standing to raise these claims, or that any amendment to the Complaint might, in the future, give him standing under Article III of the U.S. Constitution.  Under Article III, federal courts are only empowered to decide "cases or controversies."  For a federal court to have the power to decide a case or controversy, a plaintiff must allege facts demonstrating that he has suffered a particularized harm for which a court can provide a remedy.  To meet the minimal constitutional mandate for Article III standing, a plaintiff must show: (1) An "injury in fact"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that the injury will likely "be redressed by a favorable decision."  Lujan v. Defenders of Wildlife, 504 U.S.

555, 560-61 (1992). An "injury in fact" is defined as "an invasion of a legally protected interest which is (a) concrete and particularized... and (b) actual or imminent, not conjectural or hypothetical." Id. at 560.

6. This also means that this Court is not empowered to hear a plaintiff's generalized grievances as the plaintiff's personal disagreement with a public policy or practice that has not actually caused cognizable injury to the plaintiff (or for which no such individual injury is threatened and imminent). See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474-75 (1982). Nor may a plaintiff sue for harms suffered by others. Thus, a federal court, under Article III of the Constitution, must refrain "from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances', pervasively shared and most appropriately addressed in the representative branches." Id. The representative branches are the U.S. Congress and the legislatures of the various states.

7. In the present case, Plaintiff expresses his dissatisfaction with the perceived injustices perpetrated and directed toward other persons in other states, and he nowhere states any specific facts pointing to an individualized injury that he has suffered due to some violation of other persons' constitutional rights. Accordingly, Mr. Rodriguez lacks

4

standing under Article III of the Constitution to present such generalized grievances to this Court, and the Complaint will be dismissed.

8. The Court has also considered whether these deficiencies might be curable by an amendment, since a court has the obligation to construe a pro se litigant's pleadings liberally. It is not foreseeable that plaintiff could supply any set of facts which would cure the above deficiencies concerning both Eleventh Amendment immunity and lack of Article III standing.

9. Accordingly, upon a preliminary screening, the accompanying Order will dismiss the Complaint with prejudice.

**November 2, 2018**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge